UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>   v.<br><br>MARIO ARRIAGA NUNEZ, aka<br>JORGE ALEXANDER CANCHOLA,<br><br>                Defendant/Petitioner. | Case No. 1:07-cr-00173-EJL<br>           1:10-cv-00477-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

Before the Court is a Petition (Dkt. 1) to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, by Defendant/Petitioner Mario Arriaga Nunez aka Jorge Alexander Canchola. The motion is fully briefed and at issue. The government opposes and has moved to dismiss Nunez's Petition, in part due to waiver under the terms of Nunez's plea agreement. *Gov't Mot.*, Dkts. 3, 8. Being familiar with the record and having considered the briefing, the Court will deny Nunez's Petition, and grant the government's Motion, as more fully described below.

## BACKGROUND

Defendant Nunez was indicted, along with 15 other defendants, with conspiracy to distribute, and distribution of methamphetamine, as well as two racketeering-related counts. (Indictment, Dkt. 1 in criminal case). Roughly two weeks after his arraignment,

Nunez retained private counsel Chad Gulstrom, who substituted in for court-appointed counsel. Defendant signed a plea agreement, and pleaded guilty to Count One – conspiracy to distribute, and Count Three – conspiracy to travel and transport in aid of racketeering enterprises. (Plea Agreement, Dkt. 3-1 in civil case). In the plea agreement, Nunez waived his rights to appeal and to petition under § 2255. (Id.) Nunez was sentenced to 188 months imprisonment on Count One and 60 months on Count Three, to run concurrently.

Despite the terms of his plea agreement, Nunez filed a single issue appeal, arguing that his sentence was unreasonable, as compared to those of his co-conspirators. The Ninth Circuit Court of Appeals denied the appeal and affirmed Nunez's sentence, noting that the sentence was 22 months below the guideline range of 210-262. (Memorandum, Dkt. 553 in criminal case). The Ninth Circuit also found Nunez's sentence appropriate, compared to his co-conspirators, given that Nunez "maintained the drug 'stash house,' he coordinated with local distributors, he was involved in Las Vegas drug deals, and, on several occasions, he discussed future drug purchases with an undercover officer." (Id.) The Ninth Circuit concluded that this Court did not abuse its discretion in imposing Nunez's sentence. (Id.)

Nunez filed this petition under § 2255, asserting ineffective assistance of counsel for failing to object or properly investigate, or for otherwise allowing or coercing Nunez to plead guilty under the influence of medication. Nunez also asserts that his appellate counsel was ineffective for failing to move to withdraw his plea or appeal the issue. And

finally, Nunez contends that the Court erred by denying Nunez's motion to substitute trial counsel.

## LEGAL STANDARD

A prisoner asserting the right to be released "may move the court which imposed the sentence to vacate, set aside or correct the sentence" under 28 U.S.C. § 2255(a). Section 2255 provides four grounds that justify relief for a federal prisoner who challenges the fact or length of his detention: (1) whether "the sentence was imposed in violation of the constitution or laws of the United States;" (2) whether the court was without jurisdiction to impose such sentence; (3) whether the sentence was "in excess of the maximum authorized by law;" or (4) whether the sentence is "otherwise subject to collateral attack." *See Hill v. United States*, 368 U.S. 424, 428 (1962). Despite this seemingly broad language, "the range of claims which may be raised in a § 2255 motion is narrow." *United States v. Wilcox*, 640 F.2d 970, 972 (9th Cir. 1981).

The Court recognizes that a response from the government and a prompt hearing are required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . .." 28 U.S.C. § 2255(b). Further, a hearing must be granted unless the movant's allegations, "when viewed against the record, either fail to state a claim for relief or are 'so palpably incredible or patently frivolous as to warrant summary dismissal." *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984), *cert. denied*, 470 U.S. 1058 (1985) (citations omitted); *Marrow v. United States*, 772 F.2d 525, 526 (9th Cir. 1985). A district court may summarily dismiss a § 2255 motion "[i]f it plainly appears from the face of the motion and any annexed exhibits and

the prior proceedings in the case that the movant is not entitled to relief . . ..." Rule 4(b), Rules Governing § 2255 Proceedings in the United States District Court. Thus, in order to withstand summary dismissal of his motion for relief under § 2255, the defendant "must make specific factual allegations which, if true, would entitle him to relief on his claim." *United States v. Keller*, 902 F.2d 1391, 1395 (9th Cir. 1990).

Section 2255 is not a substitute for appeal. *Addonizio*, 442 U.S. at 184. "Errors of law which might require reversal of a conviction or sentence on appeal do not necessarily provide a basis for relief under § 2255." *United States v. Wilcox*, 640 F.2d 970, 973 (9th Cir. 1981). Where a defendant fails to raise claims on direct review, those claims are procedurally defaulted unless he can demonstrate cause for and prejudice from the procedural default, or actual innocence. *United States v. Ratigan*, 351 F.3d 957, 962 (2003)(citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)). However, when a particular issue "has been decided adversely on appeal from a conviction, it cannot be litigated again on a 2255 motion." *Odom v. United States*, 455 F.2d 159, 160 (9th Cir. 1972)(citations omitted).

## ANALYSIS

1. **Request for Evidentiary Hearing**

Where a petitioner's allegations, "viewed against the record, fail to state a claim for relief," *United States v. McMullen*, 98 F.3d 1155 (9th Cir. 1996)(citations omitted), or where summary dismissal is warranted, the Court may deny an evidentiary hearing. *Marrow v. United States*, 772 F.2d 525, 526 (9th Cir. 1985)(citation omitted). In a § 2255 motion, conclusory statements, without more, are insufficient to require a hearing. *United*

*States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993). As more fully expressed below, the Court finds that Nunez has failed to raise allegations sufficient to warrant a hearing on issues before it. The Court will therefore consider Nunez's motion based upon the record and pleadings before it.

**2.     Waiver of Right to Petition Under § 2255**

The government moves to dismiss Nunez's petition, arguing that, under the terms of Nunez's plea agreement, his petition is waived. In the plea agreement, Nunez retained the right to file one petition under § 2255, but only if he "believes he received ineffective assistance of counsel based solely on the information not known to [Nunez] at the time the [Court] imposed sentence and which, in the exercise of reasonable diligence, could not have been known by the defendant at that time." (Plea Agreement, at 10-11).

"[P]ublic policy strongly supports plea agreements," including those waiving the right to appeal. *United States v. Navarro-Botello*, 912 F.2d 318, 321 (9th Cir. 1990). "[P]erhaps the most important benefit of plea bargaining[ ] is the finality that results." *Id.* at 322. However, "waiver of the right to appeal would not prevent an appeal where the sentence imposed is not in accordance with the negotiated agreement." *Id.* at 321. Also, the Ninth Circuit has held that "a plea agreement that waives the right to file a federal habeas petition . . . is unenforceable with respect to an [ineffective assistance of counsel] claim that challenges the voluntariness of the waiver." *Washington v. Lampert*, 422 F.3d 864, 870 (9th Cir. 1005)(quoting *United States v. Jeronimo*, 398 F.3d 1149, 1156 n. 4 (9th Cir. 2005)). This is consistent with holdings in other circuits. *Lampert*, 422 F.2d at 870-

71(citations omitted); *see e.g. Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999).

To the extent that Nunez's ineffective assistance of counsel arguments challenge the voluntariness or enforceability of his plea agreement and waiver, the Court will consider the § 2255 petition. For those claims unrelated to the voluntariness or enforceability of his plea agreement and waiver, the Court will grant the government's motion to dismiss Nunez's petition. Accordingly, the Court will reject and dismiss Nunez's argument that the Court erred in denying his motion to substitute trial counsel. The Court considers Nunez's ineffective assistance of counsel arguments, regarding voluntariness of his plea agreement, below.

**2. Procedural Default of Claim That Court Erred In Denying Substitution of Trial Counsel**

Even if Nunez had not waived his right to petition under § 2255, Nunez's claim that the Court erred in denying his motion to substitute trial counsel is in procedural default. Where a defendant fails to raise an issue on appeal, the claim is procedurally defaulted unless defendant can demonstrate cause for and prejudice from the procedural default, or actual innocence. *Ratigan*, 351 F.3d at 962. Nunez has given no reason why he did not raise this claim on appeal. The Court also finds that Nunez has not shown prejudice from failure to raise the claim, as the record supports Nunez was well represented by trial counsel; this finding is further discussed below. For these reasons, Nunez's claim that the Court erred in denying substitution of trial counsel fails.

3.  **Ineffective Assistance of Counsel**

A claim of ineffective assistance of counsel is a basis for habeas relief, and need not be raised on direct appeal to preserve the issue for collateral attack. *United States v. Withers*, 638 F.3d 1055, 1066 (9th Cir. 2011)(citing *Massaro v. United States*, 538 U.S. 500, 505 (2003)). As discussed above, the Ninth Circuit recognizes that claims for ineffective assistance of counsel, as to the voluntariness and enforceability of a plea agreement, are not barred by an agreement to waive rights of appeal and under § 2255. *See Lampert*, 422 F.3d at 870. Nunez has the burden of proving ineffective assistance of counsel, by showing (1) that counsel performed so deficiently as to fall below an objective standard of reasonableness; and (2) prejudice – that but for counsel's deficiencies, the outcome would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-694 (1984). These standards apply equally to trial and appellate counsel. *Smith v. Murray*, 477 U.S. 527, 535-36 (1986).

In evaluating counsel's performance, there is a strong presumption favoring a finding of effectiveness. *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986)(citation omitted). Regarding prejudice, the court considers "the totality of the evidence . . . and presume[s] that the judge or jury acted according to law." *Strickland*, 466 U.S. at 695. A defendant "has the ultimate authority to [decide] . . . whether to plead guilty, waive a jury, testify in his or her own behalf, or to take an appeal." *Jones v. Barnes*, 463 U.S. 745, 751 (1983).

A.   Trial Counsel

According to Nunez, his trial counsel (1) failed to investigate the effects of medication Nunez was using at or before the time of the change of plea hearing; (2) was ineffective in allowing Nunez to enter the plea under the influence of medication; and (3) coerced Nunez into entering his plea. With respect to each of these arguments, the Court examines Nunez's burden of proving both that counsel's performance was objectively unreasonable, and that such performance prejudiced Nunez.

**(1)**  *Failure to investigate medication's effects and ineffectiveness for allowing Nunez to enter plea under the influence of medication*

According to Nunez, at the time of his plea hearing, he was under the influence of anxiety-reducing medications. Indeed the transcript of hearing shows that the Court inquired whether Nunez was taking any medication. (Trans., Dkt. 3-2 at 4). Nunez responded that he was taking medication for anxiety attacks. (Id.) On the Court's inquiry whether the medication affected his ability to understand, Nunez responded, "No, I don't think so." (Id.)

Nunez argues that his counsel, and the Court, both failed to inquire about the effects of his medication. In so arguing, Nunez fails to identify or provide adequate support. The Court is mindful that Nunez's statement, "I don't think so," could be interpreted as an equivocation. However, the entirety of the transcript of Nunez's plea proceeding reveals that Nunez was clear and consistent in answering the Court's thorough and meticulous inquiries of Nunez's intentions and understanding. The record raises no concerns about Nunez's state of mind so as to warrant further questioning or investigation

by counsel or the Court. Nunez thus fails to show that counsel's performance was deficient, so as to fall below a standard of objective reasonableness. Nor has Nunez demonstrated error or abuse of discretion by the Court. (See Ninth Circuit Memorandum, Dkt. 553 in criminal case).

With respect to prejudice, Nunez argues that his medication was for anxiety attacks, which are given for depression. Without clearly stating that he suffered from depression, Nunez asserts that one definition of depression is, "[d]ifficulty in thinking and concentration." (Motion, Dkt. 1-1 at 14). Nunez then concludes that his medication *caused* difficulty in thinking and concentration, and thus interfered with his ability to process facts. (Id. at 15). This conclusory leap is both illogical and unsupported by the record. If Nunez indeed suffered from depression, then according to Nunez's assertions, his medication presumably had the effect of improving his thinking and concentration. Other than Nunez's conclusory allegations, there is no basis for the Court to find that either Nunez's medication, or any condition that the medication was intended to affect, impeded Nunez's understanding of his plea agreement or his plea hearing. The Court will therefore reject Nunez's ineffective assistance of counsel argument concerning counsel's alleged failure to investigate Nunez's medication, or halt the plea hearing.

### (2) *Coercion by counsel*

More implausible and further unsupported by the record is Nunez's contention that counsel coerced him into accepting his plea. According to Nunez, his counsel promised him that if he agreed to the plea, the Court "would sentence [Nunez] to a very short time."

**MEMORANDUM DECISION AND ORDER -**

(Motion, Dkt. 1-1 at 16). Absent is an explanation why counsel would coerce Nunez, or any evidence supporting that Nunez was promised a very short time. The written plea agreement that Nunez signed, and that the Court reviewed with Nunez at length during his plea hearing, detailed what Nunez could expect in sentencing. (See Plea Agreement; Trans. of Plea Hearing). Nunez also acknowledged reviewing the government's pre-sentence report with his attorney, which noted the sentencing range he could expect. (Trans. of Plea Hearing, Dkt. 4 at 12). Further, the transcript from sentencing shows that Nunez's counsel requested a downward departure from the government's recommendation and sentencing guidelines, and this Court granted it. (Trans. of Sentencing, Dkt. 4 at 19-27; see also Gov't Resp to Downward Departure, Dkt. 5). Nunez was sentenced to 188 months – 22 months below the guideline range of 210-262. This fact was echoed by the Ninth Circuit in rejecting Nunez's appeal. (Ninth Circuit Memorandum, Dkt. 553 in criminal case).

Significantly, Nunez does not assert actual innocence, or dispute his guilt with respect to the counts outlined in his plea agreement. From the transcripts of his plea and sentencing hearings, it appears that Nunez agreed to the terms of his plea agreement, but was ultimately disappointed with the sentence he received. The record fully supports that Nunez's decision to enter into the plea agreement was his own; Nunez has failed to meet his burden of showing that he was coerced.

      B.    **Appellate Counsel**

Nunez contends that his appellate counsel was deficient in failing to move to withdraw his guilty plea. Although he does not specify, the Court presumes that the basis

for such a motion to withdraw plea would be the medication issue also raised in Nunez's petition. The courts have recognized that appellate counsel "must be allowed to decide what issues are to be pressed" on appeal. *Jones v. Barnes*, 463 U.S. 745, 751 (1983). With this backdrop, Nunez must show that his appellate counsel's failure to raise this issue on appeal was objectively unreasonable. In addition, Nunez must demonstrate that, but for counsel's failure to present the argument, the outcome of Nunez's appeal would have been different. Nunez has not shown that either element is satisfied.

As discussed above, nothing in the record or documents provided by Nunez supports that he was unduly influenced by medication, in accepting his plea agreement. Even if Nunez had identified what medication he was on, or its effects – which he has not – the mere fact that Nunez was taking an anti-anxiety medication does not, on its own, support that his ability to comprehend or agree to his plea was compromised. Thus Nunez has not satisfied his burden of showing that appellate counsel performed deficiently. Nunez has also failed to establish that a motion to withdraw plea would have been successful. Thus, Nunez has not demonstrated prejudice from counsel's failure to assert the claim. The Court will therefore reject this claim as well.

# ORDER

**IT IS ORDERED THAT** Nunez's Motion to Vacate, Set Aside, or Correct Sentence (Dkt. 1) under § 2255 is DENIED, and this matter is DISMISSED in its ENTIRETY.

IT IS FURTHER ORDERED THAT the Government's Motion to Dismiss the Petition (Dkt. 8) is GRANTED.

DATED: **November 23, 2011**

Honorable Edward J. Lodge
U. S. District Judge